**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VINCENT LANGLEY AND ROBIN LANGLEY,** | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| **CAPITAL MANAGEMENT SERVICES, L.P.,** | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.     Plaintiffs, Vincent Langley and Robin Langley ("Plaintiffs"), is a natural person residing in Sacrament county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, Capital Management Services, L.P. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

6. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged debt, including but not limited to, voicemails left on August 28, 2010 at 12:07pm, August 30, 2010 at 8:48am, and September 10, 2010 at 9:46am.

7. Defendant caused Plaintiffs' telephone to ring with such frequency to be unreasonable and to constitute harassment towards Plaintiffs, including but not limited to, calls made on August 28, 2010 at 12:07pm, August 30, 2010 at 8:48am, and September 10, 2010 at 9:46am.

8. Defendant caused Plaintiffs' telephone to ring with such frequency to annoy Plaintiffs, including but not limited to, calls made on August 28, 2010 at 12:07pm, August 30, 2010 at 8:48am, and September 10, 2010 at 9:46am.

9. Defendant would call Plaintiffs at times known to be inconvenient to Plaintiffs, including but not limited to, calls made on August 28, 2010 at 12:07pm, August 30, 2010 at 8:48am, and September 10, 2010 at 9:46am.

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
>
> b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)); and

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)).

11. As a result of the above violations of the FDCPA and RFDCPA Plaintiffs suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiffs reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiffs reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 15th day of December, 2010.

By: /s Todd M. Friedman
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiffs,
Vincent Langley and Robin Langley**